IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA DIAZ MORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-00071-FM |
| | § | |
| ALBERTSON'S, L.L.C.; | § | |
| ALBERTSON'S, L.L.C. TEXAS | § | |
| WORKPLACE INJURY BENEFIT | § | |
| PLAN; and SEDGWICK CLAIMS | § | |
| MANAGEMENT SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

On this day, the court considered "Defendants' Motion to Dismiss" ("Motion") [ECF No. 12], filed April 8, 2015 by Defendants Albertson's, L.L.C. ("Albertson's"); Albertson's, L.L.C. Texas Workplace Injury Benefit Plan (the "Plan"); and Sedgwick Claims Management Services, Inc. ("Sedgwick" and collectively, "Defendants"); "Plaintiff's Response in Opposition to Defendants' Motion to Dismiss [Doc. 12]" ("Response") [ECF No. 19], filed April 30, 2015 by Plaintiff Maria Diaz Mora ("Plaintiff"); and Defendants' "Reply in Support of Defendants' Motion to Dismiss" ("Reply") [ECF No. 20], filed May 7, 2015.

After considering the Motion, Response, Reply, and applicable law, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      BACKGROUND

   A.   Procedural Background

Plaintiff is a resident of El Paso County, Texas and, at the time of the events giving rise to

this case, was an Albertson's employee.[1]  Because of her employment, Plaintiff was enrolled in the Plan, a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA").[2]

On March 4, 2013, Plaintiff was injured while in the course and scope of her employment with Albertson's.[3]  Plaintiff asserts she was entitled to receive benefits from the Plan due to her injury.[4]  However, Defendants allegedly "failed and refused to pay Plaintiff's benefits to which she was entitled . . . under the . . . Plan."[5]  Consequently, Plaintiff filed her Complaint in the Western District of Texas on March 13, 2015.  Plaintiff's Complaint advances four claims against Defendants: (1) denial of benefits under ERISA, pursuant to 29 U.S.C. § 1132(a)(1)(B) ("section 1132(a)(1)(B)"); (2) breach of fiduciary duty under ERISA, pursuant to 29 U.S.C. § 1109(a) ("section 1109(a)") and section 1132(a)(3); (3) statutory violations of ERISA for failing to provide Plaintiff with various information, pursuant to 29 U.S.C. §§ 1022(a) ("section 1022(a)"), 1024(b) ("section 1024(b)"), and 1132(a) ("section 1132(a)"); and (4) federal common law estoppel pursuant to ERISA.[6]  Plaintiff seeks a wide range of legal and equitable relief,

---

[1] "Plaintiff's Original ERISA Complaint and Jury Demand" ("Complaint"), at 1–2 ¶¶ 1, 6–7, ECF No. 1, filed Mar. 13, 2015.

[2] *Id.* at 3 ¶ 9;  Mot. 2.

[3] Compl. 2 ¶ 7.

[4] *Id.* at 4 ¶ 13.

[5] *Id.* ¶ 15.

[6] *Id.* at 5–10 ¶¶ 23–39.

including extracontractual[7] and punitive damages.[8]

On April 8, 2015, Defendants filed their Motion, seeking to dismiss all of Plaintiff's claims and denying Plaintiff's eligibility for extracontractual and punitive damages under ERISA. After an extension of time,[9] Plaintiff responded to the Motion on April 30, 2015. Defendants replied in support of their Motion on May 7, 2015.

  B.  *Parties' Arguments*

Defendants aver Plaintiff's claim for denial of ERISA benefits is facially deficient, as her Complaint fails to identify any Plan term entitling her to benefits. As ERISA permits recovery of benefits "due . . . under the terms of [a] plan,"[10] Defendants argue that Plaintiff's claim fails because she has not specified applicable Plan terms.[11] Defendants further assert Plaintiff's claims for breach of fiduciary duty and ERISA estoppel are duplicative of her claim for denial of benefits, and are consequently precluded.[12] Regarding Plaintiff's section 1132(c) claim for failing to provide information, Defendants argue Plaintiff has failed to allege: (1) what information she requested, and (2) what information Defendants failed to produce on request,

---

[7] Extracontractual damages are "[d]amages that would give a beneficiary more than he or she is entitled to receive under the strict terms of the [ERISA] plan." *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1335 (5th Cir. 1992), *abrogated by Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993).

[8] Plaintiff also requested a jury trial in her Complaint. Compl. 11 ¶ 47. Defendants' Motion opposed this request, and Plaintiff has conceded she is not entitled to a jury trial for her claims. Mot. 7; Pl.'s Resp. 7 ¶ 13. Accordingly, Plaintiff's claims will not be decided by a jury.

[9] *See* "Order Granting Motion for Extension to Respond to Motion to Dismiss," ECF No. 18, entered Apr. 24, 2015.

[10] 29 U.S.C. ¶ 1132(a)(1)(B).

[11] Mot. 4–5

[12] *Id.* at 5–6.

3

thereby rendering her claim insufficient.[13] In addition, Defendants dispute Plaintiff's claim for failure to provide information pursuant to sections 1022(a) and 1024(b), asserting the Western District of Texas found a similar claim insufficient in *Brown v. Aetna Life Insurance Co.*[14] Finally, Defendants assert Supreme Court precedent demonstrates Plaintiff is not entitled to consequential or punitive damages for ERISA claims.[15]

Plaintiff argues she has sufficiently pleaded her claim for denial of benefits, as her Complaint states she is seeking benefits under her plan's terms, generally, and Defendant has notice of the contours of her claim through the Plan's administrative appeal process.[16] Plaintiff concedes she is unable to maintain a claim for breach of fiduciary duty under ERISA, and she agrees to withdraw the claim.[17] Regarding her claim for failure to provide information, Plaintiff avers her Complaint contains sufficiently detailed allegations to state a plausible claim for relief under multiple statutory provisions.[18] Plaintiff argues her ERISA estoppel claim is not duplicative of her claim for denial of benefits, as conduct separate from the denial of benefits supports the ERISA estoppel claim.[19] Plaintiff contends she is not barred from receiving

---

[13] *Id.* at 6.

[14] 975 F. Supp. 2d 610 (W.D. Tex. 2013); Defs.' Reply 5–6.

[15] Mot. 6–7. Defendants also assert Plaintiff's Complaint concedes she is not entitled to such damages. *Id.* at 6. Although Plaintiff's Complaint expresses uncertainty about her entitlement, it does not concede the point. *See* Compl. 11 ¶¶ 43–44 (requesting extracontractual and punitive damages "to the extent such damages are allowed by law, and/or to preserve the issue for potential appellate review" while citing potentially contrary Supreme Court authority).

[16] Pl.'s Resp. 4–5 ¶ 8.

[17] *Id.* at 5 ¶ 9.

[18] *Id.* at 6 ¶ 11.

[19] *Id.* at 5–6 ¶ 10.

extracontractual and punitive damages for her ERISA estoppel claim, though she agrees to withdraw her requests for such damages in association with her other claims.[20] To the extent dismissal is proper, Plaintiff avers she should be permitted an opportunity to amend her Complaint.[21]

## II. APPLICABLE LAW

Rule 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted."[22] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[23] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[24] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[25] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] Therefore, a complaint is not required to set out "detailed factual allegations," but does need to provide "more than labels and conclusions, and a formulaic

---

[20] *Id.* at 6–7 ¶ 12.

[21] *Id.* at 7 ¶ 14–15.

[22] Fed. R. Civ. P. 12(b)(6).

[23] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[26] *Id.* (citing *Twombly*, 550 U.S. at 556).

recitation of the elements of a cause of action."[27]  Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[28]

### III. DISCUSSION

    *A.    Failure to Provide Benefits Pursuant to Section 1132(a)(1)(B)*

Section 1132(a)(1)(B) permits an ERISA plan participant to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."[29]  As the statute speaks of benefits and rights under the terms of ERISA plans, specific plan terms must be considered to evaluate whether a plaintiff is entitled to relief pursuant to section 1132(a)(1)(B).[30]

Although Plaintiff's Complaint alleges multiple grounds under which she was wrongfully denied benefits under the terms of the Plan,[31] it does not refer to Plan terms allegedly violated by Defendants.  Nevertheless, Plaintiff argues the following allegation in her Complaint sufficiently pleads a violation of the Plan's terms:

> Plaintiff seeks to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the [P]lan, and to clarify her rights to future benefits under the terms of the Plan.[32]

---

[27] *Twombly*, 550 U.S. at 555.

[28] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[29] 29 U.S.C. § 1132(a)(1)(B).

[30] *Cf. Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("[T]he validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue.").

[31] *See, e.g.*, Compl. 6 ¶ 25b (alleging Defendants "[w]rongfully terminat[ed] medical, compensation and other benefits without reasonable reliance on any medical opinion").

[32] *Id.* at 5 ¶ 24; Pl.'s Resp. 4 ¶ 8.

This assertion mimics section 1132(a)(1)(B)'s enforcement provision[33] and fails to indicate what Plan terms were violated.  Thus, the assertion does not adequately state a claim against Defendants.[34]  Although Plaintiff's Complaint alleges specific benefits she was denied, the Complaint fails to indicate how she was entitled to those benefits under the Plan's terms, making the allegation inadequate to state a claim for denial of benefits.

Finally, Plaintiff contends Defendants have sufficient notice of her claim's content through Plaintiff's exercise of administrative remedies.  This argument is not persuasive, as federal pleading standards require complaints to be facially sufficient.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[35]  When a complaint contains insufficient facts to state a plausible claim to relief, it is irrelevant whether the parties have knowledge of unstated facts that would cure the defect.[36]  Even if Defendants are aware of the basis of Plaintiff's claim for denial of benefits,[37] Plaintiff is still required to plead sufficient facts to make the claim plausible.

---

[33] *Compare* Compl. 5 ¶ 24 ("Plaintiff seeks to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the plan, and to clarify her rights to future benefits under the terms of the Plan."), *with* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . by a participant . . . to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan.").

[34] *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

[35] *Id.* (internal quotation marks and citation omitted).

[36] *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.").

[37] As Plaintiff's claim has been inadequately pled, it is unclear whether there are differences between the claim Plaintiff presented administratively and the claim she is litigating.

Accordingly, Plaintiff has failed to adequately plead a claim for denial of benefits pursuant to section 1132(a)(1)(B).

B.  *Breach of Fiduciary Duty Pursuant to Sections 1109(a) and 1132(a)(3)*

In response to Defendants' objection, Plaintiff has agreed to withdraw her claim for breach of fiduciary duty. Therefore, this claim will be dismissed.

C.  *Failing to Provide Information Pursuant to Sections 1022(a), 1024(b), and 1132(c)*

Plaintiff's failure to provide information claim has two variants. First, Plaintiff alleges Defendants failed to comply with requests for Plan information in violation of section 1132(c).[38] Second, Plaintiff alleges Defendants failed to provide her with summary plan descriptions and summaries of material modifications in violation of sections 1022(a) and 1024(b).[39] Defendants' objections to these allegations will be analyzed in turn.

1.  Section 1132(c)

Pursuant to section 1132(c), "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary [without reasonable excuse] within 30 days after such request" may be liable for statutory damages.[40]

Plaintiff's Complaint alleges "Defendants failed and refused to comply with Plaintiff's requests for information relative to the ERISA Plan, which Defend[ants] were required to furnish

---

[38] Compl. 7 ¶ 30.

[39] *Id.* ¶ 31.

[40] 29 U.S.C. § 1132(c)(1).

to Plaintiff under applicable law, and Defendants continued to fail to [and] refuse to provide such information as requested."[41] Although this claim does evince a failure to provide requested information, there is no indication requested information was withheld for more than 30 days.[42] As Plaintiff must prove this element to be entitled to relief and, furthermore, Plaintiff's Complaint does not address this element, Plaintiff has failed to adequately support her section 1132(c) claim.

    2.    <u>Sections 1022(a) and 1024(b)</u>

Section 1022(a) requires "[a] summary plan description [and summary of any material modifications] of any employee benefit plan [to] be furnished to participants and beneficiaries."[43] Summary plan descriptions "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise . . . participants . . . of their rights and obligations under the plan."[44] Summaries of any material modifications to plan terms "shall be written in a manner calculated to be understood by the average plan participant."[45] Section 1024(b) sets forth timing requirements for publishing and furnishing summary plan descriptions and all material modifications and changes.[46]

---

[41] Compl. 7 ¶ 30.

[42] *See Brown*, 975 F. Supp. 2d at 620 ("Without an approximation of the dates of Plaintiff's request(s), the approximate dates or any allegations whatsoever of Defendants' eventual compliance, or even the temporal relationship between the request and the compliance, the Court is unable to evaluate whether Plaintiff can satisfy every element of his § 1132(c)(1) claim, including the thirty day deadline.").

[43] 29 U.S.C. § 1022(a).

[44] *Id.* § 1022(a).

[45] *Id.*

[46] *Id.* § 1024(b)

Defendants' Motion is silent regarding Plaintiff's claim pursuant to sections 1022(a) and 1024(b).  Rather, Defendants' objection to the claim was raised for the first time in their Reply.  Although the court may decline to consider the argument as untimely raised,[47] Defendants' objection has been considered in the interest of justice.

Plaintiff's Complaint alleges Defendants were required to provide her with summary plan descriptions and summaries of material modifications fulfilling the requirements of sections 1022(a) and 1024(b), but did not provide such documents.[48]  Defendants' sole argument is that the Western District of Texas rejected similar allegations pursuant to sections 1022(a) and 1024(b) in *Brown v. Aetna Life Insurance Co.*  On the contrary, the *Brown* court upheld pleadings based on allegations that defendants failed to provide documents in compliance with sections 1022(a) and 1024(b).[49]  Furthermore, the *Brown* court's description of allegations it found sufficient aligns with the allegations in Plaintiff's Complaint.[50]  Accordingly, Defendants' description of *Brown* as supporting their Motion is not persuasive.

Because Defendants have failed to show how Plaintiff's sections 1022(a) and 1024(b)

---

[47] *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam) (unpublished) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.").

[48] Compl. 7 ¶ 31.

[49] *See Brown*, 975 F. Supp. 2d at 620 ("The Amended Complaint alleges that Energy Defendants never provided an accurate, comprehensive, and comprehensible summary of the [ERISA plan].  That is all Plaintiff needs to allege to survive a motion to dismiss.") (internal citations omitted).

[50] *Compare id.* (stating the plaintiff "alleges that Energy Defendants never provided an accurate, comprehensive, and comprehensible summary of the [ERISA plan]"), *with* Compl. 7 ¶ 31 (alleging Defendants never provided "summary plan descriptions and . . . summaries of material modifications . . . that are sufficiently accurate and comprehensive to reasonably apprise participants . . . of their rights and obligations under the plan") (internal quotation marks omitted).

allegations are deficient, their Motion to dismiss Plaintiff's claim pursuant to sections 1022(a) and 1024(b) is denied.

    D.    *ERISA Estoppel*

Although Defendants do not dispute the factual sufficiency of Plaintiff's ERISA estoppel claim, they contend it must be dismissed as duplicative of Plaintiff's claim for denial of benefits pursuant to section 1132(a)(1)(B).[51]

In making this argument, Defendants describe ERISA estoppel as a claim pursuant to 29 U.S.C. § 1132(a)(3) ("section 1132(a)(3)"), which permits civil actions "by a participant . . . to obtain other appropriate equitable relief" under ERISA.[52] In recognizing an ERISA estoppel cause of action, the Fifth Circuit noted the duty for courts "to develop a 'federal common law of rights and obligations under ERISA-regulated plans,'" but did not mention section 1132(a)(3).[53] As the Fifth Circuit has implied ERISA estoppel claims are based on common law rather than pursuant to section 1132(a)(3), an analysis under section 1132(a)(3) is not warranted.

An ERISA estoppel claim has three elements: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances."[54] In comparing these elements to section 1132(a)(1)(B), it is clear the two claims cover different conduct. To prevail on a section 1132(a)(1)(B) claim, Plaintiff must prove she is entitled to benefits under the terms of the Plan. By contrast, no element of Plaintiff's

---

[51] Mot. 5–6.

[52] 29 U.S.C. § 1132(a)(3); Mot. 5.

[53] *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444 (5th Cir. 2005) (quoting *Firestone Tire & Rubber Co.*, 489 U.S. at 110).

[54] *Id.*

11

ERISA estoppel claim requires proof of an entitlement to benefits under the Plan's terms. Furthermore, Plaintiff's Complaint states the ERISA estoppel claim is based on "material misrepresentations,"[55] indicating it does not depend on an entitlement under the Plan's terms.

Accordingly, Plaintiff's ERISA estoppel claim is not duplicative of her section 1132(a)(1)(B) claim. Defendants' Motion to dismiss the ERISA estoppel claim is denied.

### E. *Extracontractual and Punitive Damages*

Defendant disputes Plaintiff's requests for extracontractual and punitive damages on the basis that Plaintiff is not entitled to recover such damages for ERISA claims. Although Plaintiff disputes this argument regarding her ERISA estoppel claim, she has agreed to withdraw her requests in connection with all her other claims. To the extent Plaintiff seeks to withdraw requests to extracontractual and punitive damages, those requests will be dismissed without further discussion. It remains necessary to analyze whether extracontractual and punitive damages are available for an ERISA estoppel claim.

Neither party has presented binding authority directly addressing whether ERISA estoppel claims are eligible for extracontractual and punitive damages. Furthermore, the Western District of Texas has acknowledged that, "[b]ecause courts in the Fifth Circuit have so far had few occasions to apply the doctrine, the contours of the newly recognized ERISA-estoppel remedy are murky."[56]

Defendants cite *Massachusetts Mut. Life Insurance Co. v. Russell*[57] and *Mertens v. Hewitt*

---

[55] Compl. 8 ¶ 33.

[56] *Brown*, 975 F. Supp. 2d at 628 (internal quotation marks, brackets, and citation omitted).

[57] 473 U.S. 134 (1985).

*Associates*[58] for the proposition that Plaintiff is not entitled to receive either extracontractual or punitive damages under ERISA.[59] Those cases examined whether such damages were available pursuant to two ERISA provisions: 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).[60] Accordingly, they do not resolve whether extracontractual or punitive damages are available for ERISA estoppel claims.

Before the Fifth Circuit recognized ERISA estoppel, it held that statutory ERISA claims generally do not entitle plaintiffs to extracontractual or punitive damages.[61] This holding is not necessarily pertinent, as an ERISA estoppel claim appears to lack an express statutory basis. To the extent ERISA estoppel claims arise outside of ERISA's text, they might not be limited to remedies expressly provided for by ERISA. However, Plaintiff has not indicated how ERISA's express remedies do not apply to her ERISA estoppel claim,[62] and "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."[63]

Arguably, if Plaintiff cannot pursue extracontractual or punitive damages, some of her

---

[58] 508 U.S. 248 (1993).

[59] Mot. 7.

[60] *Mertens*, 508 U.S. at 253–55; *Mass. Mut. Life Ins.*, 473 U.S. at 139–44.

[61] *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999) ("Compensatory damages, whether extra-contractual or not, are not recoverable under ERISA."); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 31 (5th Cir. 1993) ("[T]he express provisions of ERISA . . . include no mechanism for awarding extracontractual or punitive damages.").

[62] The court acknowledges there may be inconsistency between an ERISA estoppel claim and ERISA's express remedies. For instance, while ERISA permits plan participants "to recover benefits due to [her] under the terms of [her] plan," 29 U.S.C. § 1132(a)(1)(B), an ERISA estoppel claim might be valid even if a plan's terms do not entitle a plaintiff to benefits.

[63] *Mass. Mut. Life Ins.*, 473 U.S. at 148 (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)).

losses might go uncompensated.  But ERISA was not intended to compensate all losses for eligible claims.  As the Supreme Court has noted, "ERISA [is] an enormously complex and detailed statute that resolved innumerable disputes between powerful competing interests — not all in favor of potential plaintiffs."[64]  Although Plaintiff might only be left with partial compensation even if she proves her entire case, such an outcome would not conflict with ERISA.

In light of authority disfavoring extracontractual or punitive damages for ERISA claims, Plaintiff has failed to establish such damages are available for her ERISA estoppel claim.  However, the court acknowledges there does not appear to be Supreme Court or Fifth Circuit authority directly addressing this issue.[65]  Although a dismissal is proper, Plaintiff will be allowed to replead such damages and demonstrate they are available for her ERISA estoppel claim.  Therefore, Plaintiff's request for extracontractual and punitive damages for her ERISA estoppel claim will be dismissed without prejudice.

### IV. CONCLUSION

"Defendants' Motion to Dismiss" [ECF No. 12] is **GRANTED IN PART** and **DENIED IN PART**.  Accordingly,

1. Plaintiff's claim for denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) is **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff's claim for breach of fiduciary duty pursuant to 29 U.S.C. §§ 1109(a) and

---

[64] *Mertens*, 508 U.S. at 262.

[65] *See Brown*, 975 F. Supp. 2d at 628 ("Because courts in the Fifth Circuit have so far had few occasions to apply the doctrine, the contours of the newly recognized ERISA-estoppel remedy are murky.") (internal quotation marks, brackets, and citation omitted).

      1132(a)(3) is **DISMISSED AS MOOT**;

3.     Plaintiff's claim for failure to provide information pursuant to 29 U.S.C. § 1132(a) is **DISMISSED WITHOUT PREJUDICE**;

4.     Plaintiff's requests for extracontractual and punitive damages are **DISMISSED WITHOUT PREJUDICE** in association with Plaintiff's ERISA estoppel claim;

5.     Plaintiff's requests for extracontractual and punitive damages are **DISMISSED AS MOOT** in association with Plaintiff's other claims;

6.     Defendants' Motion to dismiss Plaintiff's claim for failure to provide information pursuant to 29 U.S.C. §§ 1022(a) and 1024(b) is **DENIED**; and

7.     Defendants' Motion to dismiss Plaintiff's ERISA estoppel claim is **DENIED**.

**SO ORDERED.**

**SIGNED** this **28th** day of **May, 2015**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**